Charles McCARTHY, Plaintiff
and Appellant,

v.

Kay LEWIS, Commerce First Thrift and
Larry Dimick, Defendants and
Respondents.

No. 16697.

Supreme Court of Utah.

July 29, 1980.

---

Neils E. Mortenson of Cohne, Rappaport & Segal, Salt Lake City, for plaintiff and appellant.

Paul M. Halliday and Kay M. Lewis, Salt Lake City, for defendants and respondents.

HALL, Justice:

Plaintiff appeals from a summary judgment which declared a trustee's sale of real property valid.

The facts in this matter are not in dispute, the parties each having filed motions for summary judgment below. Plaintiff was a contract purchaser of the real property in question from Robert C. Anderton and Shauna L. Anderton and made monthly payments thereon. The Andertons failed to pay certain loan payments owing upon the property, and on December 1, 1978, defendant Commerce First Thrift recorded a "Notice of Default" pursuant to its trust deed which secured its note reflecting the loan encumbrance against the property. Defendant Kay Lewis is the trustee under the deed of trust. On December 18, 1978, the Andertons filed petitions in bankruptcy. However, on March 26, 1979, the Bankruptcy Court issued its order authorizing its trustee to abandon any interest in the property. On May 8, 1979, defendant Lewis, as trustee under the deed of trust, sold the property to defendant Larry Dimick, the successful bidder. Plaintiff was present at the sale, but made no objection thereto. Sometime thereafter, plaintiff tendered the full amount owing to defendant Commerce First Thrift and the same was rejected. This prompted plaintiff to initiate these proceedings seeking to invalidate the trust deed sale on the theory that the notice requirements of U.C.A. 1953, 57–1–24 had not been met in light of the further provisions of Rule 601 of the Bankruptcy Act.

U.C.A., 1953, 57–1–24 provides, in pertinent part, as follows:

Sale of trust property by trustee—Notice of default.—The *power of sale* herein conferred upon the trustee *shall not be exercised until*:

(a) *The trustee shall first file for record*, in the office of the recorder of each county wherein the trust property or some part or parcel thereof is situated, *a notice of default*, identifying the trust deed by stating the name of the trustor named therein and giving the book and page where the same is recorded or a description of the trust property, and containing a statement that a breach of an obligation for which the trust property was conveyed as security has occurred, and setting forth the nature of such breach *and of his election to sell* or cause to be sold such property to satisfy the obligation;

(b) *Not less than three months shall* thereafter *elapse*; and

(c) *After* the lapse of at least *three months* the *trustee shall give notice of sale* as provided in this act. [Emphasis added.]

Rule 601 of the Bankruptcy Act reads, in pertinent part, as follows:

(a) Stay Against Lien Enforcement. The *filing* of a *petition shall operate as a stay of any act* or the commencement or continuation of any court proceeding *to enforce (1) a lien against property* in the custody of the bankruptcy court, or (2) a lien against the property of the bankrupt obtained within 4 months before bankruptcy by attachment, judgment, levy, or other legal or equitable process or proceedings. (b) Duration of Stay. Except as it may be terminated, annulled, or modified, by the bankruptcy court under subdivision (c), (d), or (e) of this rule, *the stay shall continue until* the bankruptcy court case is dismissed or closed, or until *the property subject to the lien is*, with the approval of the court, set apart as exempt, *abandoned,* or transferred. [Emphasis added.]

Specifically, it was plaintiff's contention below that the foregoing Rule 601 not only stayed any act to enforce the lien against the property in question, but also that it automatically suspended the running of the three months' notice period mandated by the Utah statute during the time said property was in the custody of the bankruptcy court (i.e., from December 18, 1978, through March 26, 1979). Therefore, according to plaintiff's calculation, the sale of May 8, 1979, was invalid since it was conducted short of a full, uninterrupted, three-month notice period. The trial court declined to adopt his reasoning, hence this appeal.

Neither party cites any direct authority in support of their respective positions, and indeed there may be none, since it appears that the precise issue presented by this appeal has not been previously addressed.

■ The purpose and effect of the notice of default provisions contained in U.C.A., 1953, 57–1–24, *supra*, is to afford a three-month period within which the obligation for which the trust property was conveyed as security may be reinstated. The passage of said three-month period is a condition precedent to the sale of the property at trustee's sale. On the other hand, the purpose and effect of said Rule 601, *supra*, is to protect the bankrupt's estate against loss through execution before the trustee is afforded an opportunity to act.[1]

The issue thus presented for our determination is whether the running of said reinstatement period constitutes an "act . . to enforce . . . a lien against property in the custody of the bankruptcy court" within the meaning of said Rule 601.

The term "act" has various definitions, the most common and ordinary being: a thing done or being done; a deed or performance; an external manifestation of the will; something done by a person pursuant to his volition.[2] It is also defined as the formal product of a legislative body (often capitalized); a decision or determination of a sovereign.[3]

■ Within the context of said Rule 601, we deem the term "act" to have only its common, ordinary, and usual meaning and that it therefore refers to something done by a person and not to a legislative "Act." Had the framers of Rule 601 intended otherwise, certainly they would have

been more definitive.[4] Thus it is to be seen that the mere passage of time for reinstatement of the trust obligation does not constitute an "act." Consequently, Rule 601, by its own terms, does not apply to the three-month reinstatement provision of the Utah statute.

■ Furthermore, Rule 601 of the Bankruptcy Act affects only procedural rights and not substantive rights, as was clearly recognized in the Advisory Committee's notes, as follows:

No substantive right is abridged, enlarged, or modified by a limited stay of enforcement of the lien against property in the court's custody . . . .

■ Clearly, the sale of trust property is a substantive right which has neither been enlarged, abridged, or modified by Rule 601. The reasonableness of this conclusion might best be demonstrated by an example. Suppose that the plaintiff here was not a debtor or creditor of the bankrupt, but the bankrupt himself. Could he then assert that the three-month reinstatement period was enlarged by application of the provisions of Rule 601? We think not.

■ As noted *supra*, Rule 601 purports to benefit the bankrupt and to preserve his estate, and it is not a vehicle upon which to extend the rights of the bankrupt or his debtors or creditors in matters *collateral* to the bankruptcy.

In the instant case, it was obviously not plaintiff's motivation to benefit the bankrupt or to preserve his estate. On the contrary, he concedes that his motivation was to protect his own interest in the property, subject of the trust, arguing that had he paid the delinquent amounts prior to aban-

---

1. See Advisory Committee's notes for Rule 601; see also, Collier on Bankruptcy, 13:601.01.

2. Webster's Third New International Dictionary, Unabridged.

3. Id.

4. It is to be noted that the Congress has *specifically* provided for the suspension of various statutes of limitations, both federal and state, where its intention was to do so. See Section 11(f) of the Bankruptcy Act. This is not to imply that the Utah statute here in question is a statute of limitation, for that is not its purpose.

donment of the property by the trustee in bankruptcy, a "problem" would arise as to whether the amounts paid would have become a part of the bankrupt's estate.

Plaintiff further argues that, if the time provision of the Utah statute were permitted to run while the property was in the custody of the trustee in bankruptcy, a sale *could* take place a very short time after abandonment and his rights would there be defeated. However, we need not speculate as to such a set of facts which are not present in this case. In this instance, the recording of the notice of default and publication of the notice of sale placed plaintiff on constructive notice,[5] and, admittedly, he had *actual* notice of the sale since he was present at the sale, but made no effort to pay the delinquent sums or otherwise object thereto.

More than five weeks elapsed from March 26, 1979, when the trustee in bankruptcy abandoned the property until the trustee's sale was conducted on May 8, 1979, and more than five months had elapsed since the recording of notice of default on December 1, 1978. Thus it is to be seen that plaintiff was afforded ample time to assert his rights.

We are not persuaded that Rule 601 is to be interpreted as affording plaintiff an enlargement of the three-month reinstatement period, and we hold that defendants fully complied with the provisions thereof by taking no "act" to enforce their lien until after the abandonment of the property by the bankruptcy court.

Affirmed. No costs awarded.

CROCKETT, C. J., and MAUGHAN, WILKINS and STEWART, JJ., concur.